UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Peter Barnhart,                                        Case No. 3:16-cv-02597

        Plaintiff

v.                                                        MEMORANDUM OPINION
                                                               AND ORDER

Troy Dillinger, et al.,

        Defendants

Before me is the Motion of Defendant City of Sandusky to dismiss Plaintiff Peter Barnhart's claims against them for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). (Doc. No. 5). Plaintiff opposed. (Doc. No. 6). Defendant filed a reply. (Doc. No. 7). For the reasons stated below, Defendant's Motion to Dismiss is granted.

## BACKGROUND AND HISTORY

On October 20, 2016, Officers Dillinger and Ohlemacher initiated a traffic stop of Plaintiff's vehicle because they had reason to believe Plaintiff was driving without a valid driver's license. Plaintiff alleges Dillinger and Ohlemacher "took it upon their own discretion to interrupt Plaintiff's travels…[,] to frisk Plaintiff's person without warrant, and seize Plaintiff's automobile with warrant…." (Doc. No. 1 at 3). Plaintiff concludes by saying, "that it is the custom of City of Sandusky which was the moving force behind the warrantless search of Plaintiff's automobile." (Doc. No. 1 at 3).

The City of Sandusky filed a Motion to Dismiss under Rule 12(b)(6) claiming that if Dillinger and Ohlemacher used their own discretion to act, they were not acting pursuant to a custom or policy of the City. They assert that the City can only be sued if one if its policies or customs caused the violation of Plaintiff's rights and Plaintiff has not adequately identified such a policy or custom.

### STANDARD OF REVIEW

Rule 12 provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted." FED R. CIV. P. 12(b)(6). Courts must accept as true all of the factual allegations contained in the Complaint when ruling on a Motion to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). To survive a Motion to Dismiss under Rule 12(b)(6), "even though a Complaint need not contain 'detailed' factual allegations, its 'factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true.'" *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Twombly*, 550 U.S. at 555 (stating that the Complaint must contain something more than "a formulaic recitation of the elements of a cause of action").

A Complaint must state sufficient facts, when accepted as true, to state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a Defendant has acted unlawfully" and requires the Complaint to allow the Court to draw the reasonable inference that the Defendant is liable for the alleged misconduct). In conjunction with this standard, I am cognizant Rule 8 "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (citing

*Twombly*, 550 U.S. at 596); *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008). I "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's Motion to Dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

Section 1983 does not permit a Plaintiff to sue a local government entity on the theory of *respondeat superior*. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978). A Plaintiff may only hold a local government entity liable under § 1983 for the entity's own wrongdoing. *Id.* A local government entity violates § 1983 where its official policy or custom actually serves to deprive an individual of his or her constitutional rights. *Id.* A "municipal policy" includes " 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated.'" *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Monell*, 436 U.S. at 690). A "custom" for purposes of *Monell* liability must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. It must reflect a course of action deliberately chosen from among various alternatives. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985). In short, a "custom" is a "legal institution" not memorialized by written law. *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993).

A city's custom or policy can be unconstitutional in two ways: 1) facially unconstitutional as written or articulated, or 2) facially constitutional but consistently implemented to result in constitutional violations with explicit or implicit ratification by city policymakers. *Monell*, 436 U.S. at 692- 94. In other words, the risk of a constitutional violation arising as a result of the inadequacies in the municipal policy must be "plainly obvious." *Id.* at 412; *see also Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997). To state a claim for relief against a municipality under § 1983,

Plaintiff must: (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy. *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

Plaintiff does not identify a particular policy or custom of the City of Sandusky that caused injury to him. He alleges the officers used their own discretion in deciding to conduct a traffic stop, search his vehicle, and arrest him. If the officers were exercising their own discretion, it follows that they were not acting pursuant to a custom or policy of the City. Absent allegations suggesting that the officers were acting pursuant to a particular custom or policy of the City of Sandusky, Plaintiff failed to state a claim against that Defendant. The City's Motion to Dismiss (Doc. No. 5) is granted.

## Conclusion

Defendant City of Sandusky's Motion to Dismiss (Doc. No. 5) is granted. The City is dismissed as a Defendant in this case.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge